WHITE OAK GASOLINE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21759.  Promulgated April 21, 1927.

Jeopardy assessment was made in 1925 pursuant to the Revenue Act of 1924.  Petitioner filed a claim in abatement which was accepted without bond.  After consideration of the claim the Commissioner, on October 20, 1926, mailed a statutory deficiency notice advising petitioner of the rejection in part and the allowance in part of its claim. in abatement.  *Held,* the Board has jurisdiction in the premises.

*John E. McClure, Esq.,* for the petitioner.
*Maxwell E. McDowell, Esq.,* for the respondent.

This proceeding came on for hearing on the motion of the respondent to dismiss for lack of jurisdiction in the Board.

### FINDINGS OF FACT.

In May, 1925, the Commissioner made a jeopardy assessment against this petitioner covering the calendar year 1920.  The amount of the assessment was $9,309.35.  Within 10 days after notice and demand on such assessment, the petitioner filed with the collector a claim in abatement of such assessment.  The claim was not accompanied by a bond.  The claim was forwarded by the collector to the Commissioner who received it and took it under advisement.  It contained an application under the provisions of section 327 for assessment of petitioner's profits tax as prescribed by section 328 of the Revenue Act of 1918.

On September 1, 1926, the Commissioner advised the petitioner by letter that after a careful consideration and review, its application for special assessment had been allowed, and that in accordance therewith and after a careful consideration of petitioner's abatement claim, the said claim for the abatement of $9,309.35 would be allowed in the amount of $4,695.56 and rejected in the amount of $4,613.79.  This letter was what is commonly known as a "30-day letter."  It advised the petitioner that he was granted 30 days within which to present a protest supported by additional evidence or brief, against the proposed rejection of the claim in the amount indicated.  The letter further said, in part:

If, after consideration of any additional evidence submitted and any arguments advanced by you, it is finally determined by the Bureau to reject your

claim in whole or in part, you will, in accordance with the provisions of Section 283 (e) or Section 283 (k) of the Revenue Act of 1926, be advised by registered mail of the final decision thereon by the Commissioner, and of your right to file a petition with the United States Board of Tax Appeals within 60 days (not counting Sunday as the sixtieth day) from the date of mailing of the registered letter in the event you do not acquiesce in such final decision.

Thereafter on October 20, 1926, the Commissioner mailed to the petitioner, by registered mail, the usual statutory deficiency notice in words and figures as follows:

IT: E: SM–60D
WHH–C–30344

OCTOBER 20, 1926.

WHITE OAK GASOLINE COMPANY,
% Highway Oil Refining Corporation,
Tulsa, Oklahoma.

SIRS:

Your claim for abatement of a deficiency in tax amounting to $9,309.35 assessed against you for the taxable year 1920 has been carefully considered by this office, and it is proposed to allow the said claim for $4,695.56 and to reject it for $4,613.79, as computed upon the inclosed statement.

In accordance with the provisions of Section 283 (e) or Section 283 (k) of the Revenue Act of 1926, you are allowed 60 days (not counting Sunday as the sixtieth day) from the date of mailing of this letter within which to file a petition with the United States Board of Tax Appeals, Earle Building, Washington, D. C., contesting in whole or in part the correctness of this determination.

If you acquiesce in this determination and do not desire to file such petition, you are requested to execute waiver of your right to file a petition with the United States Board of Tax Appeals on the inclosed Form A, and forward it to the Commissioner of Internal Revenue, Washington, D. C., for the attention of IT: E: SM–60D–WHH–C–30344. In the event that you acquiesce in a part of the determination, the waiver should be executed with respect to the items to which you agree.

The petitioner filed its petition with the Board on December 6, 1926.

### OPINION.

KORNER,[1] *Chairman:* The Commissioner contends that the filing of a bond with a claim in abatement is a *sine qua non* to jurisdiction in this Board on appeal from the Commissioner's action on such claim. It is his contention that a claim so filed is erroneously filed and in fact never properly or legally filed at all; and that if the Commissioner accepts a claim under such conditions and thereafter passes upon it and makes a determination thereon, his action is void and his determination is of no effect because there is no claim before him as a predicate for any action. He reasons that, since that is so, the Commissioner had no authority to mail the notice from which this appeal is taken and that hence there is no right in the petitioner to bring this proceeding.

---

[1] This decision was prepared during Mr. Korner's term of office.

The petitioner contends that, however the rule may have been under the Revenue Act of 1924, this case is governed solely by the provisions of the Revenue Act of 1926 because the petition was filed subsequent to the enactment of the latter statute and pursuant to its provisions. It argues that under those provisions the filing of a bond with an abatement claim is not a jurisdictional matter and that if the Commissioner accepts an abatement claim, predicates a determination thereon, and forwards a statutory notice of deficiency as a result of such determination, the Board has jurisdiction, under the Revenue Act of 1926, of an appeal therefrom.

Let us examine the statute. The petition was filed December 6, 1926, so we should begin with the Revenue Act of 1926. Section 283 (k) of that Act provides:

(k) Where before the enactment of this Act a jeopardy assessment has been made under subdivision (d) of section 274 of the Revenue Act of 1924 * * * all proceedings after the enactment of this Act shall be the same as under the Revenue Act of 1924 *as amended by this Act*, except that—

*       *       *       *       *       *       *

(3) In the consideration of the case the jurisdiction and powers of the Board shall be the same as provided in this Act in the case of a tax imposed by this title. (Italics ours.)

The foregoing would seem effectually to remove such a case as this from consideration under the Revenue Act of 1924.

Section 279 of the Revenue Act of 1924 provides for the filing of claims in abatement against jeopardy assessments. Section 279 of the Revenue Act of 1926 abolishes claims in abatement and provides an appeal to this Board from jeopardy assessments, in lieu of abatement claims. If then the jurisdiction and powers of the Board (in the consideration of jeopardy assessments made under the provisions of the Revenue Act of 1924) is to be the same as in the case of a tax imposed by the Revenue Act of 1926, and the proceedings therein are to be the same as under the Revenue Act of 1924 *as amended* by the Revenue Act of 1926, it becomes apparent that we should turn to section 279 of the Revenue Act of 1926 for guidance.

Section 279 provides, in part, as follows:

(f) When a jeopardy assessment has been made the taxpayer, within 10 days after notice and demand from the collector for the payment of the amount of the assessment, may obtain a stay of collection of the whole or any part of the amount of the assessment by filing with the collector a bond * * *.

(g) *If the bond is given before the taxpayer has filed his petition with the Board* under subdivision (a) of section 274, the bond shall contain a further condition that if a petition is not filed within the period provided in such subdivision, then the amount the collection of which is stayed by the bond will be paid on notice and demand at any time after the expiration of such period * * *. (Italics ours.)

Section 274(a) referred to in the above provides, *inter alia:*

* * * Except as otherwise provided in * * * section 279 * * * no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted * * * if a petition has been filed with the Board, until the decision of the Board has become final.

Compare the language contained in section 279 of the Revenue Act of 1924 with that contained in section 279 of the Revenue Act of 1926. That section in the former Act says:

(a) If a deficiency has been assessed under subdivision (d) of section 274, the taxpayer, within 10 days after notice and demand from the collector for the payment thereof, may file with the collector a claim for the abatement of such deficiency * * *. Such claim *shall* be accompanied by a bond * * *. Upon the filing of such *claim and bond,* the collection * * * shall be stayed * * *.

(b) If a claim is filed as provided in subdivision (a) * * * the collector shall transmit the claim immediately to the Commissioner * * *. (Italics ours.)

The difference between the sections referred to is at once apparent. The emphasis is shifted. Under the former Act, we held in *J. Langrall & Bro., Inc.,* 2 B. T. A. 1333, in accordance with the contention of the respondent in the instant case. In our opinion the rule is different under the Revenue Act of 1926. We think that Congress would not have used the words "if the bond is given before the taxpayer has filed his petition with the Board" (used in section 279(g)) if it were intended by Congress that there can be no case wherein a petition may be filed with the Board without a prior filing of bond. The inference seems irresistible that in jeopardy cases a petition may be filed with the Board even though a bond had not been filed theretofore with the collector. To hold the contrary would render meaningless the opening clause of section 279(g) of the Revenue Act of 1926.

We are unable to agree with the Commissioner's contention that his action on a claim received and considered by him is void and that his determination is nugatory and without force or effect. To hold otherwise would be to say that if a taxpayer filed a valid claim in abatement without bond and the Commissioner recognized it as valid and determined that it should be allowed *in toto* and did so allow it, the taxpayer would be required to pay the tax notwithstanding. We are not convinced that the statute prescribes the action of the Commissioner to that extent.

*Motion denied. Sixty days from date allowed for answer.*